IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STATE AUTO PROPERTY AND ) <br> CASUALTY INSURANCE COMPANY, ) <br> a mutual insurance company incorporated ) <br> in the State of Ohio ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BARBARA CALHOUN, et. al., ) <br> ) <br> Defendants ) | (WO) <br> Case No.: 2:05-cv-122-F |

## **ORDER**

Upon consideration of the parties' pleadings submitted in this case, it has come to the court's attention that the parties have not adequately alleged or invoked this court's subject matter jurisdiction over this case. Therefore, it is hereby

ORDERED that the parties must, by the submission of evidence as to the citizenship of Milton L. Abercrombie, show cause as to why the court should not dismiss this action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).[1]

### **I. Discussion**

A federal court not only has the power but also the obligation at any time to

---

[1] Rule 12(h)(3) states that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises. *Harris v. U.S.*, 149 F.3d 1304, 1308 (11th Cir. 1998) (citing *Fitzgerald v. Seabord Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985)). Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case. *Ruhrgas A.G. v. Marathon Oil Company*, 526 U.S. 574, 583, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999). The court is bound to assure itself of jurisdiction even if the parties fail to raise the issue. *Harris*, 149 F.3d at 1308.

Plaintiff's complaint alleges (and defendant Calhoun does not contest) that this court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332. Section 1332(a) gives the district courts original subject matter jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Where, as here, one of the parties is the representative of a decedent, 28 U.S.C. § 1332(c)(2) provides that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2).

"The burden is on the plaintiff to allege and invoke jurisdiction. . . . When jurisdiction depends on citizenship, citizenship should be "distinctly and affirmatively alleged." *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975). Here, plaintiff alleges (and defendant Calhoun admits) that plaintiff is a citizen of the State of Ohio and that defendant Calhoun is a citizen of the State of Alabama. However,

nowhere in the parties' pleadings is there any indication of the citizenship of Milton L. Abercrombie. Absent affirmative evidence of the citizenship of Milton L. Abercrombie, the court is required to dismiss this action for lack of subject matter jurisdiction.

## II. Conclusion

In consideration of the foregoing, it is hereby

ORDERED that on or before September 9, 2005, parties shall show cause as to this court's subject matter jurisdiction over the present case.

DONE this 31st day of August, 2005.

                                                        /s/ Mark E. Fuller
                                        CHIEF UNITED STATES DISTRICT JUDGE